**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. CV-22-01653-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Schuff Steel Company, | |
| Defendant. | |

At issue is Defendant Schuff Steel Company's Motion to Dismiss Count 2 and partially dismiss Counts 3 and 4 of the Complaint (Doc. 11, "MTD"), to which Plaintiff Equal Employment Opportunity Commission ("EEOC") filed a Response (Doc. 14, "Resp.") and Defendant filed a Reply (Doc. 15). The Court finds these matters appropriate for resolution without oral argument. *See* LRCiv 7.2(f). For the reasons that follow, the Court denies Defendant's Motion to Dismiss.

## I.     BACKGROUND

Kyle Barnett, an African American man ("Mr. Barnett"), filed charges with Plaintiff alleging that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), by discriminating against him because of his race. (Doc. 1, Compl. ¶¶ 6, 10.) Following Plaintiff's investigation of Mr. Barnett's charge, Plaintiff believed that Defendant had violated Title VII's prohibitions on both race and national origin discrimination. (Compl. ¶¶ 10–67.) Subsequently, Plaintiff issued a letter of determination finding reasonable cause to believe that Defendant committed unlawful

1   discrimination, including discrimination against Latino employees on the basis of national
2   origin. (Resp. at 2.) After failed conciliation efforts, Plaintiff initiated this action. (Compl.
3   ¶¶ 7–8.)

4       Plaintiff raises four claims against Defendant under Title VII of the Civil Rights Act
5   of 1964 as amended by Title I of the Civil Rights Act of 1991: Race-Based Hostile Work
6   Environment under 42 U.S.C. § 2000e-2(a) (Count 1); National Origin-Based Hostile
7   Work Environment under 42 U.S.C. § 2000e-2(a) (Count 2); Constructive Discharge under
8   42 U.S.C. § 2000e-2(a) (Count 3); and Retaliation under 42 U.S.C. § 2000e-3(a) (Count 4).
9   (Compl. ¶¶ 56–80.) Under Federal Rule of Civil Procedure 12(b)(6), Defendant now moves
10  to dismiss Count 2 and partially dismiss Count 3 and Count 4 to the extent those Counts
11  relate to national origin discrimination. (MTD at 1–2.)

12  **II.    LEGAL STANDARD**

13      Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v.*
14  *Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to
15  state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the
16  absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v.*
17  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for
18  failure to state a claim, the well-pled factual allegations are taken as true and construed in
19  the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067
20  (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is
21  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has
22  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
23  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
24  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility
25  standard is not akin to a 'probability requirement,' but it asks for more than a sheer
26  possibility that a defendant has acted unlawfully." *Id*.

27      "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed
28  factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

1   requires more than labels and conclusions, and a formulaic recitation of the elements of a

2   cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted).

3   Legal conclusions couched as factual allegations are not entitled to the assumption of truth

4   and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*,

5   556 U.S. at 679-80. However, "a well-pleaded complaint may proceed even if it strikes a

6   savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote

7   and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

8   (1974)).

9   **III.   ANALYSIS**

10          Defendant argues that Counts 2, 3, and 4 should be dismissed to the extent they

11   allege discrimination on the basis of national origin. (MTD at 1.) To support its argument,

12   Defendant contends that Plaintiff's claims impermissibly exceed the scope of the initial

13   charge filed by Mr. Barnett. (MTD at 2.) Here, Defendant argues, Plaintiff's authority was

14   limited to bringing claims relating to Mr. Barnett's charge of racial discrimination.  (MTD

15   at 2.) However, Plaintiff asserts, and Defendant concedes, that Ninth Circuit precedent

16   forecloses Defendant's interpretation of Plaintiff's authority. (Resp. at 1; MTD at 2.)

17          The Ninth Circuit has made clear that "the original charge is sufficient to support

18   EEOC administrative action, as well as an EEOC civil suit, for any discrimination stated

19   in the charge itself *or discovered in the course of a reasonable investigation of that*

20   *charge*." *Equal Emp. Opportunity Comm'n v. Hearst Corp., Seattle Post-Intelligencer*

21   *Div.*, 553 F.2d 579, 580 (9th Cir. 1976) (emphasis added). The EEOC only needs to provide

22   notice to the employer by including the alleged discrimination in the EEOC's cause

23   determination and by proceeding with conciliation procedures. *Id*; *see Equal Emp.*

24   *Opportunity Comm'n v. Occidental Life Ins. Co. of California*, 535 F.2d 533, 542 (9th Cir.

25   1976) (discussing adequate notice and the scope of EEOC claims), *aff'd*, 432 U.S. 355, 97

26   S. Ct. 2447, 53 L. Ed. 2d 402 (1977).

27          Here, Defendant argues that Plaintiff exceeded its authority by bringing claims

28   related to national origin discrimination, which were not included in Mr. Barnett's initial

charge. However, Defendant acknowledges that its argument is contrary to Ninth Circuit precedent since Plaintiff found cause for the national origin claims while investigating the original charge, included the national origin claims in its cause determination, and proceeded with conciliation procedures on those claims. (MTD at 2.) Defendant acknowledges that the Court is bound by this controlling Ninth Circuit precedent (*id.*) and has failed to provide the Court with legal authority upon which it may dismiss Plaintiff's national origin claims. *See Hart v. Massanari*, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority . . . has no choice but to follow it"). Defendant seeks to preserve this issue for appeal. (MTD at 2–3; Reply at 2.) For these reasons, the Court finds that Defendant fails to demonstrate that any of Plaintiff's claims are legally deficient and denies Defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss (Doc. 11.)

Dated this 3rd day of March, 2023.

Honorable John J. Tuchi
United States District Judge