Mary Jo O'Neill, AZ Bar No. 005924
Michael Yeabsley, AZ Bar No. 035244
Syreeta Tyrell, AZ Bar No. 034273
Michael LaGarde, CO Bar No. 50124
**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 661-0060
Fax: (602) 640-5071
Email:      mary.oneill@eeoc.gov
               michael.yeabsley@eeoc.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>      Plaintiff,<br><br>  vs.<br><br>Schuff Steel Company,<br><br>      Defendant. | **CIVIL ACTION NO.: 2:22-cv-01653-JJT**<br><br>**CONSENT DECREE** |

### I.   RECITALS

1.   This action was instituted by Plaintiff Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant Schuff Steel Company ("Schuff" or "Defendant") harassed

Charging Party, Kyle Barnett, due to his race, Black, and also harassed other aggrieved individuals due to their race and national origin. The EEOC further alleges that Defendant retaliated against some of the aggrieved individuals who complained about race and national origin discrimination.

2.      The EEOC and Schuff (collectively, the "Parties"), desiring to settle this action by Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

3.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

4.      For the purposes of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

## IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## II.      JURISDICTION

5.      The Parties stipulate to the jurisdiction of the Court over the Parties to the Decree and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.      DEFINITIONS

6.      **Consultant** - An outside consultant and/or outside legal counsel experienced in the area of employment discrimination law.

#### IV.   TERM AND SCOPE

7.      The duration of the decree shall be three years from the date that the Court signs this Decree. During the term of the Decree, this Court shall retain jurisdiction for purposes of compliance and any disputes that may arise hereunder.

8.      Unless otherwise indicated, the terms of this Decree shall apply to Schuff's facility in Eloy, Arizona and Schuff's Phoenix, Arizona headquarters.

#### V.   ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, that arise from the EEOC's Letter of Determination issued to Schuff for Mr. Barnett's Charge of Discrimination Number 540-2019-00897, including all claims on behalf of all aggrieved individuals identified in this lawsuit.

10.      Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered but shall cooperate in the implementation of this Decree.

11.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in accordance with the enforcement provisions of Section X (Enforcement of Consent Decree). ·

12.      Defendant does not make an admission of any wrongdoing, including any violation of any federal, state, or local law.

13.      The terms of this Decree shall be binding upon the present and future directors,

officers, managers, agents, successors, and assigns of Schuff. During the term of this Decree, Schuff and any successors of Schuff shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Schuff during the term of this Decree or to any successor of Schuff, prior to the effectiveness of any such asset sale, acquisition, or merger. This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding violation of this Decree.

## VI.   MONETARY RELIEF

14.   Judgment is hereby entered in favor of the Commission and against the Defendant in the amount of $500,000.00.

15.   Defendant will not condition the receipt of individual relief upon the Charging Party's and the aggrieved individuals' monetary agreement to (a) maintain as confidential the facts and/or allegations underlying the complaint and the terms of this Decree; (b) waive their statutory rights to file a charge with any governmental agency; (c) agree to a non-disparagement and/or confidentiality agreement; or (d) refrain from reapplying for a job with Schuff, as applicable.

16.   Defendant shall pay Charging Party and aggrieved individuals in accordance with a final distribution list to be provided to Schuff by the EEOC after the entry of this Decree. The final distribution list will indicate the amount of each payment, and it will designate portions as backpay and as compensatory damages in amounts to be determined in the EEOC's sole discretion.

17.   Payment to Charging Party and aggrieved individuals as backpay is subject to applicable taxes and withholdings. Defendant shall be responsible for paying only the

employer share of payroll taxes for backpay. Defendant shall issue an IRS Form W-2 for all payments designated as back pay. The compensatory damages payment shall be reported on IRS Form 1099 and shall not be subject to withholdings.

18.    No later than fourteen (14) days after receipt of the EEOC's final distribution list, Defendant shall send payment to Charging Party and the aggrieved individuals at the addresses provided by the EEOC. All payments must be made by company check, cashier's check, or money order.

19.    All costs associated with the distribution of settlement funds to the Charging Party and the aggrieved individuals shall be paid by Defendant.

20.    Within three (3) business days after the payment is sent, Defendant shall submit confirmation of the payments issued to the EEOC.

21.    If the EEOC informs Defendant that any of the aggrieved individuals have not received a check within a month of Defendant's mailing of the check, Defendant shall cancel the original check, reissue another check, and submit a copy of the reissued check to the Charging Party and/or aggrieved individuals within fourteen (14) days.

## VII.    OTHER INDIVIDUAL RELIEF

22.    Within ten (10) calendar days after the date the Court signs this Decree, Defendant shall expunge from Charging Party's and aggrieved individuals' employment files relating to (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to the Charging Party and aggrieved individuals' participation in this action. Defendant shall also have the personnel

files for the following aggrieved individuals reflect that their most recent terminations of employment are re-classified as resignations: Cruz Baeza; Jorge Grajeda; and Joe Cantu.

23.     **References:** Within ten (10) calendar days of the effective after the date the Court signs this Decree, Defendant will provide Charging Party and the other aggrieved individuals with a neutral letter of reference on company letterhead in the form attached as Attachment A.

24.     Defendant will respond to any requests for employment references for aggrieved individuals by providing a neutral reference to confirm dates of employment and position title(s).

## VIII.    EQUITABLE RELIEF

### A.    *Injunctive Relief*

25.     Defendant, and its officers, agents, successors, management (including supervisory employees), and other persons in active concert or participation with it, or any of them, are enjoined from engaging in any employment practice which discriminates on the basis of race, African American, or national origin, Hispanic, including harassment based on race or national origin and discriminatory discharge.

26.     Defendant, its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with it are enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended. Defendant shall not retaliate against a person because such person makes an internal complaint of discrimination with Schuff; because such person files or causes to be

filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints; because such person's statements serve as the basis of a charge of discrimination; or because such person testifies or participates in the investigation of a charge of discrimination or lawsuit alleging a violation of Title VII of the Civil Rights Act. Defendant shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. Nor shall Defendant retaliate against any person identified as a witness or possible witness of discrimination in future investigations or proceedings related to a charge of discrimination.

**B.     *EEOC Policy Review and Investigations***

27.     Within sixty (60) days after the date the Court signs this Decree, Defendant shall, in consultation with a Consultant, review and, as needed, revise, its EEO policies, including policies related to race and national origin discrimination to conform with the law.

28.     Defendant shall revise its policies to include, at a minimum:

    a.     A strong and clear commitment to preventing unlawful race and national origin discrimination;

    b.     A clear and complete definition of discrimination based on race and national origin, including harassment based on race or national origin;

    c.     A statement that discrimination based on race and national origin, including harassment based on race or national origin, are prohibited and will not be tolerated;

    d.     A clear and strong encouragement of persons who believe that they have been

subjected to discrimination based on race or national origin, including harassment based on race or national origin, to report such concerns;

e.   A clear explanation in English and Spanish of the steps an employee can take to report discrimination based on race or national origin, including harassment based on race or national origin, which must include the options of either an oral or written complaints in English or Spanish;

f.   An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination based on race or national origin, including harassment based on race or national origin, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination based on race and/or national origin, including harassment based on race or national origin;

g.   An assurance that Defendant will take appropriate corrective action to make any victims of discrimination or harassment whole and to eradicate any unlawful conduct within its workforce;

h.   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's policies against discrimination based on race or national origin, including harassment based on race or national origin;

i.   A promise of maximum feasible confidentiality for persons who report unlawful discrimination based on race or national origin, including

harassment based on race or national origin, or who participate in an investigation into allegations of discrimination based on race or national origin, including harassment based on race or national origin; and

j.  An assurance of non-retaliation for persons who report unlawful discrimination based on race or national origin, and for witnesses who provide testimony or other assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation; The identification of specific individuals, with telephone numbers and email addresses, to whom employees can report concerns about discrimination and/or retaliation. At least one point of contact must be an anonymous hotline. The posting of the anonymous hotline should indicate that the hotline is a resource where employees can anonymously report complaints of discrimination, harassment, and/or retaliation. The hotline must offer services in both English and Spanish;

29.   Defendant shall promptly, reasonably, and appropriately investigate all complaints of discrimination. The investigation must include, at a minimum, the following: (a) documentation of the complaint; (b) a finding of whether discrimination occurred; (c) a credibility assessment as appropriate; (d) interviews of all known, potential victims and witnesses identified, including the individual(s) alleged to have participated in or condoned the unlawful conduct; and, (e) a review of all documents which might shed light on the allegation, where such exist; (f) contemporaneous notes of the investigation and conclusions; and, (g) contemporaneous notes of all corrective and remedial measures where

discrimination is found. Defendant shall take immediate appropriate corrective action to make discrimination victims whole, to discipline violators, and to eradicate the discrimination as appropriate.

30.     Have in place a system of preservation, for all original records of complaints and subsequent investigations that ensures preservation of all documents for no less than five (5) years.

31.     The record-retention system shall, at a minimum, require that all records, including records of oral complaints, written complaints, anonymous complaints, notes of contact with complaining parties, notes of witness interviews and any other materials pertaining to a complaint of race, color, and/or national origin discrimination or harassment, and/or retaliation be promptly delivered to a clearly-designated, neutral custodian of records at the facility.

32.     Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents instead must be retained in a separate secure location. All disciplinary actions taken against employees for violation of Defendant's policies will be permanently retained in the violator's personnel file. In cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged violator's file for no less than five (5) years.

33.     Within thirty (30) days after completion of the policy review and revision under this Decree, Defendant's written EEO policies shall be posted in English and Spanish in a prominent location frequented by employees at Defendant's Eloy facility and Schuff's Phoenix, Arizona corporate headquarters, included in any employee handbook, and

distributed to each current employee. The written EEO policies shall also be distributed to all new employees within ten (10) days of hire. Defendant shall make the written equal employment opportunity policies available in alternative formats as necessary for persons with disabilities that may prevent that may prevent them from reading the policies and persons who do not read English. Alternative formats will include but not be limited to documents in Spanish and audio format.

34.     Within forty-five (45) days after completion of the creation of the policies or the review of the policies required under this Decree, Defendant shall forward a copy of the policies to the EEOC and a letter verifying that the policies were posted and distributed in accordance with Paragraphs 27, 28, and 33.

**C.     *Discipline for Violation of Policies***

35.     Defendant agrees that where it finds discrimination, harassment and/or retaliation occurred, discipline will be administered to discriminating officials promptly and proportionally to the conduct or behavior at issue and the severity of the infraction of Defendant's EEO policies.

**E.     *Training***

36.     On an annual basis for the duration of this Decree, Schuff shall train all of its personnel at the Eloy, Arizona facility and all managers at Schuff's Phoenix, Arizona corporate headquarters facility on the federal laws prohibiting discrimination based on race and/or national origin, including harassment based on race or national origin and retaliation. All training under this Paragraph 36 shall be at Schuff's selection and expense. Training shall be by live presentation (or via video conferencing) by a Consultant and/or qualified

outside vendor with experience in the federal laws prohibiting discrimination based on race and/or national origin. The training will be conducted as follows:

    a.    **Non-Managerial Employees:** Each year for the duration of this Decree, will provide non-managerial employees at least one (1) hours of training on the areas described above, their protections against discrimination, and methods for making complaints of discrimination. The training should also emphasize that every employee should report any behavior he or she witnesses that the employee believes to be discriminatory, regardless of who is engaged in the behavior and who the behavior is directed at. Attendance will be mandatory for every employee on the days of such training.

    b.    **Supervisory and Managerial Employees:** Each year for the duration of this Decree, Defendant will require all individuals who work in a managerial or supervisory capacity, including team leads, for Defendant to receive at least three (3) hours of training on Title VII of the Civil Rights Act of 1964, as amended, and other federal anti-discrimination laws. Half of these hours must directly address discrimination based on race and national origin, including harassment based on race or national origin, and also retaliation. The training must also cover proper methods for receiving, handling, and investigating (where applicable) complaints of discrimination, including complaints of harassment based on race or national origin. In each of these training sessions, Defendant shall emphasize with managerial and supervisorial employees that due to their positions of power, such employees (a) must be particularly

vigilant not to discriminate; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Attendance will be mandatory for every supervisor or manager on the days of such training. Additionally, Defendant Schuff will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite three (3) hours of training for that year within sixty (60) days of being hired or promoted.

c.   **Human Resource Employees:** Each year for the duration of this Decree, Defendant will require Human Resources ("HR") staff at its Eloy, Arizona facility, and managers at Schuff's Phoenix, Arizona corporate headquarters, to receive at least five (5) hours of training on Title VII of the Civil Rights Act of 1964, as amended, and other federal anti-discrimination laws. Half of these hours must directly address discrimination based on race and national origin, including harassment based on race or national origin. The training must also cover proper methods for receiving, handling, and investigating (where applicable), and ameliorating discrimination and harassment, including the proper procedures for documenting and preserving evidence of discrimination and harassment, archiving the corporation's investigation) complaints of discrimination, including complaints, as well as detailing the consequences and result of the investigation where discrimination, harassment, and/or retaliation is found, as well as detailing the consequences

and result of the investigation where discrimination, harassment and/or retaliation is found. In each of these training sessions, Schuff shall emphasize with HR employees and supervisors that due to their positions of power, such employees (a) must be particularly vigilant not to discriminate; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them. Additionally, Defendant will require employees who are newly hired or recently promoted into an HR position to complete at least five (5) hours of training for that year within sixty (60) days of being hired or promoted.

d.   **Agenda & Timing.** An agenda for the training, training materials, and the resumes relating to the presenters, will be provided to the EEOC thirty (30) days before each training session. Defendant agrees that the first such training session will take place within 120 days after the Court's entry of this Decree. Defendant agrees that all of its personnel shall both register and attend the training sessions.

37.   The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions. Defendant shall provide the Commission with ten (10) days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more

1 convenient.

2 **G.** **Notice Posting to Employees**

3

4 38. Defendant shall post and cause to remain posted the posters required to be displayed

5 in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in its Eloy facility and Schuff's

6 Phoenix, Arizona corporate headquarters.

7 39. Within five (5) business days after the Court's entry of this Decree, Defendant shall

8 post in its Eloy facility and Schuff's Phoenix, Arizona corporate headquarters, in a

9

10 conspicuous place frequented by employees, the Notice attached as Attachment B to this

11 Decree. The Notice shall remain posted for the duration of this Decree. If the Notice

12 becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall

13

14 certify to the Commission, in writing, within ten (10) days of entry of this Decree that the

15 Notice has been properly posted and shall provide recertification in each of the semi-annual

16 reports required under the Reporting provisions of this Decree.

17 **IX.** **RECORDKEEPING AND REPORTING**

18

19 40. For the duration of this Decree, Defendant shall maintain all records concerning

20 implementation of this Decree, including, but not limited to, all of the following:

21     a. Personnel files;

22     b. Payroll records, including but not limited to starting pay, raises, dates, and

23         reasons reflecting these changes;

24

25     c. Work schedules;

26     d. Records reflecting all oral and written complaints of discrimination, including

27         but not limited to discrimination based on race or national origin, and all of

28

the records documenting the investigation of such complaints, including applicable witness statements, documents compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken; and

e.     Records reflecting the public placement of the postings of the EEO and Title VII policies, as expressed in Paragraphs 38 and 39.

41.    Defendant shall provide semi-annual reports for each six (6) month period following the entry of this Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six (6) weeks prior to the date on which the Decree is to expire.

42.    **Requirements:** Each report required under Paragraph 41 shall provide the following information:

a.     **Complaints of Discrimination Based on Race or National Origin:** The report shall include the following information for each complaint of discrimination based on race and/or national origin in the reporting period:

1.     The name, address, email address, and telephone number of each person making a complaint of discrimination that is either: (i) brought to the attention of Schuff's Eloy facility management, HR representative, corporate management, lead, or Schuff's Phoenix, Arizona corporate HR, whether formally or informally, by an employee or through any Schuff manager, foreman, or supervisor; or (ii) made to any federal, state, or local government agency;

2.     The name, address, email address, and telephone number of each person

identified as a potential witness and/or victim to the incident of discrimination or retaliation;

3. A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discrimination or retaliation, Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

4. Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

5. For purposes of this Paragraph, the term "complaint of discrimination based on race and/or national origin" includes any written or verbal complaint which alleges discrimination based on race or national origin, including racial or national origin harassment, that is brought to the attention of Schuff's Eloy facility management, HR representative, corporate management, or Schuff's Phoenix, Arizona corporate HR, whether formally or informally, by an employee or through any Schuff manager, foreman, or supervisor even if the complainant does not use legal or technical terminology.

b. **Training**: The report shall include the following information for each training program required under this Decree conducted during the reporting period:

1. A registry of attendance and/or certificates of completion;

2. The identity and contact information of the Consultant and/or vendor

who provided the training; and

    3.    A copy of the program agenda and any written materials provided during the training and/or any PowerPoint presentations used.

c.    **Posting of Notice:** In each report, Defendant shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

d.    **Aggrieved individuals' personnel files:** In each report, Defendant shall certify to the EEOC that any documents in Aggrieved Individuals' personnel files have been expunged as required by Paragraph 22 of this Decree.

e.    **Reclassification of termination records:** In its initial report, Defendant shall certify to the EEOC that references to the terminations of Cruz Baeza, Joe Cantu and Jorge Grajeda are reclassified and the records reflect that they voluntarily resigned from their employment.

f.    **Policies and Procedures:** In each report, Defendant shall report on the creation and/or revision of any policies or practices required by this Decree, as required by Paragraphs 27-34.

g.    **Letter of Reference:** In each report, Schuff shall certify to the Commission that the letter of reference required by Paragraph 23 of this Decree has been provided to aggrieved individuals who are no longer employed by Schuff.

h.    **Recordkeeping:** In each report, Defendant shall report on the creation and/or revision of any recordkeeping policies or practices required by this Decree, as required above.

## X.    RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

43.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and any related agreement and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

44.    There is no private right of action to enforce the Parties' obligations under the Decree or any related agreement, only the Commission, or its successors or assigns, may enforce compliance with this Decree.

45.    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

46.    Absent extension, this Decree shall expire by its own terms at the end of the 36th month from the date of entry without further action by the parties.

## XI.    EEOC AUTHORITY

47.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

48.     The EEOC may review Defendant's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to Defendant's attorney of record at least ten (10) business days in advance of any inspection of Defendant's documents or premises. Upon such notice, Defendant shall allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XII.     COSTS AND ATTORNEYS' FEES

49.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XIII.     NOTICE

50.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by electronic mail or certified mail, postage prepaid, as follows:

> Mary Jo O'Neill
> Michael Yeabsley
> EEOC Phoenix District Office
> 3300 N. Central Ave., Ste. 690
> Phoenix, AZ 85012
> mary.oneill@eeoc.gov
> michael.yeabsley@eeoc.gov
> jess.acosta@eeoc.gov

## XIII. SIGNATURES

51.     The Parties to this Decree agree to the entry of this Decree subject to final approval by the Court.

1    SO ORDERED this __19th__ day of __December__, 2023.

2    BY THE COURT:

3

4    Honorable John Tuchi

5

6    BY CONSENT:

7    Equal Employment Opportunity                      Schuff Steel Company
     Commission
8              *Mary Jo O'Neill*
9    By: _____              By: _____
         Mary Jo O'Neill                               Scott Sherman
10       Regional Attorney                              Vice President and General Counsel

11

12   Date: __12 | 14 | 23__                    Date: __Dec 12, 2023__

13   APPROVED AS TO FORM:

14                                             *Jennifer Yee*

15   _____                  _____
     Mary Jo O'Neill                          William Hayden
16   Michael Yeabsley                         Joshua R. Woodard
17   Syreeta Tyrell                           Jennifer R. Yee
     Michael Lagarde                          Caitlin E. White
18   Trial Attorney                           Snell & Wilmer LLP
19   EEOC Phoenix District Office             1 East Washington St., Ste. 2700
     3300 N. Central Ave., Ste. 690           Phoenix, AZ 85004
20   Phoenix, AZ 85012

21   Attorneys for Plaintiff EEOC             Attorney for Defendant,
                                              Schuff Steel Company
22

23

24   DATED this ___ day of _____, 2023.

25

26

27

28

Page **21** of **23**

1

**ATTACHMENT A**

2

To Whom It May Concern:

3

4

[Aggrieved Individual who no longer works at Schuff] was employed as a [insert last

5

position] with Schuff Steel Company from [dates of employment]. While employed

6

[Aggrieved Individual who no longer works at Schuff] also held the following positions:

7

[insert other positions].

8

9

10

Signed:_____

11

[NAME]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT B**

The following notice is being posted pursuant to the terms of a Consent Decree between the United States Equal Employment Opportunity Commission ("EEOC") and Schuff Steel Company.

Management of Schuff Steel Company emphasizes the company's policy of providing equal employment opportunity in all of its operations and in all areas of employment. Schuff Steel Company will work to make sure that there is no discrimination based on race or national origin, including racial or national origin harassment, against any employee or applicant. Schuff will also work to make sure that there is no discrimination against any employee or applicant on the grounds of religion, sex, pregnancy, national origin, disability or age.

Any employee who believes that he or she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, or retaliation, or has a question about this Consent Decree has the right to contact the EEOC directly at:

> United States Equal Employment Opportunity Commission
> Phoenix District Office
> 3300 N. Central Avenue, Ste. 690
> Phoenix, AZ 85012
> Intake Information Group: (800) 669-4000
> Phoenix Status Line: (602) 640-5000
> Website: www.eeoc.gov

In compliance with federal law, no official at Schuff Steel will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE. THIS NOTICE SHALL REMAIN POSTED FOR A PERIOD OF NOT LESS THAN THREE YEARS.**

By: _____

Date: _____

4891-1135-8615